1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ALEXANDRA P. SUMMER (CABN 266485)
   Assistant United States Attorney
5     450 Golden Gate Ave., Box 36055
      San Francisco, California 94102
6     Telephone:  (415) 436-7200
      Fax: (415) 436-7234
7     E-Mail: alexandra.summer@usdoj.gov

8  Attorneys for Plaintiff

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13
   UNITED STATES OF AMERICA,        )    No. CR 12-00010 EMC
14                                  )
           Plaintiff,                )    STIPULATION AND [PROPOSED]
15                                  )    PROTECTIVE ORDER REGARDING
       v.                            )    PRODUCTION OF CONFIDENTIAL
16                                  )    DISCOVERY
   ARMANDO ANTONIO MONROY and      )
17 JORGE PERAZA-RIVAS               )
                                    )
18         Defendants.              )
                                    )
19

20       The government and defendants, by and through their attorneys of record, stipulate and

21 ask the Court to find as follows:

22       1.     The investigation that resulted in the indictment in the above-captioned matter is

23 related to *United States v. Antonio Jose Diaz-Rivera*, Case No. CR 12-00030 EMC, in which a

24 federal grand jury in the Northern District of California returned a 15-count indictment charging

25 20 individuals with various drug trafficking offenses.

26       2.     Counsel for defendants in the above-captioned matter wish to review discovery

27 provided to counsel for defendants in *United States v. Antonio Jose Diaz-Rivera*, Case No. CR

28 12-00030 EMC.

STIPULATION AND [PROPOSED] ORDER
CR 12-00010 EMC

3. A protective order was issued by the Court in *United States v. Antonio Jose Diaz-Rivera*, Case No. CR 12-00030 EMC (Dkt. No. 128). The government submits that the same protective order should apply in this case if defense counsel are going to be given access to restricted discovery from *United States v. Antonio Jose Diaz-Rivera*, Case No. CR 12-00030 EMC.

4. The United States believes that the proposed protective order is necessary to preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the defendants. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.

5. Defendants and their counsel deny that any person would be endangered by the defendants' possession of any discovery material in this matter. The parties agree that no inference should be drawn about the defendants' dangerousness because of their agreement to enter into this stipulation and be subject to the protective order.

6. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (*e.g.*, CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to obtain discovery to which they request access. Accordingly, the parties jointly request that the Court order as follows:

    a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for each defendant; (2) defense investigators assisting said counsel with this case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be retained or appointed by said counsel. For purposes of this Order, the term "defense team" does *not* include the defendant.

      b.     The government may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

      c.     The defense team shall not permit anyone, *including the defendant*, to have possession of Confidential Discovery pursuant to this Order other than the defense team.

      d.     The defense team shall not discuss the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the defendant. A defense team member may show Confidential Discovery to the defendant or a potential witness only in the physical presence of a defense team member, and may not permit the defendant or the potential witness to have physical possession of the Confidential Discovery.

      e.     The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control. The defense team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

      f.     In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

      g.     The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255. In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the

materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

    h. After return of the materials, the government may destroy the Confidential Discovery.

  IT IS SO STIPULATED.

DATED: February 27, 2013       Respectfully submitted,

                  MELINDA HAAG
                  United States Attorney

/s/                 /s/
STEVEN GRUEL           ALEXA SUMMER
Counsel for Armando Antonio MONROY  Assistant United States Attorney

/s/
ALAN DRESSLER
Counsel for Jorge PERAZA-RIVAS

SO ORDERED.

DATED: 3/4/13

*IT IS SO ORDERED*
*Judge Edward M. Chen*

STIPULATION AND [PROPOSED] ORDER
CR 12-00010 EMC